IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-143-MOC-DCK

| | |
|---|---|
| MICHAEL L. SEALY and SHELLY N. SEALY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| FAY SERVICING, LLC; OCWEN MORTGAGE ) | |
| SERVICING, INC.; and CHRISTIANA TRUST, ) | |
| A DIVISION OF WILMINGTON SAVINGS ) | |
| FUND SOCIETY, FSB, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiffs' "Motion To Remand" (Document No. 7) filed April 25, 2016. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion and the record, the undersigned will deny the motion.

Plaintiffs' pending motion for remand notes that the Notice Of Removal was premised on diversity of citizenship between Plaintiffs and Defendants. (Document No. 7, p.1); see also (Document No. 1). However, Plaintiffs contend that "[u]pon information and belief, there is not complete diversity of citizenship of the parties." (Document No. 7, p.2). Plaintiffs' motion offers little, if any, explanation for why they believe diversity is lacking in this case. (Document No. 7).

Defendants' "…Response To Plaintiffs' Motion To Remand" (Document No. 11) argues that "Plaintiffs' motion to remand is meritless." (Document No. 11, p.1). Defendants appear to construe the motion to remand as focusing on Fay Servicing, LLC, and citing an attached affidavit, they assert that "no member of Fay Servicing, LLC is a resident of North Carolina." (Document No. 11, pp.1-2) (citing Document No. 11-1). Defendants further argue that "an LLC's citizenship

is determined solely by the citizenship of all its members not by the state in which it is legally organized or has its nerve center. (Document No. 11, p.4) (citing <u>Zambellie Fireworks Mfg. v. Wood</u>, 592 F.3d 412, 420 (3rd Cir. 2010)).

Plaintiffs failed to file a reply brief, or notice of intent not to reply, as required by the Local Rules. <u>See</u> Local Rule 7.1 (E). Moreover, it appears that Plaintiffs failed to confer with Defendants prior to filing their motion. <u>See</u> Local Rule 7.1 (B). If the parties had consulted it seems likely that this issue could have been resolved without motions practice. In any event, it appears that there is no support for Plaintiffs' conclusory assertion that there is not complete diversity between these parties.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' "Motion To Remand" (Document No. 7) is **DENIED**.

**SO ORDERED**.

Signed: August 9, 2016

David C. Keesler
United States Magistrate Judge