# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
#### CIVIL ACTION NO.  3:16-CV-143-MOC-DCK

| | | |
|---|---|---|
| **MICHAEL L. SEALY and SHELLY N. SEALY,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **FAY SERVICING, LLC;  OCWEN MORTGAGE** | ) | |
| **SERVICING, INC.;  and CHRISTIANA TRUST,** | ) | |
| **A DIVISION OF WILMINGTON SAVINGS** | ) | |
| **FUND SOCIETY, FSB,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Ocwen Mortgage Servicing, Inc.'s Motion To Compel" (Document No. 16).  This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition.  Having carefully considered the motion and the record, the undersigned will grant the motion.

## BACKGROUND

Michael L. Sealy and Shelly N. Sealy ("Plaintiffs") initiated this action with the filing of a "Complaint" (Document No. 1-1) on February 23, 2016 in the Superior Court of Union County, North Carolina.  The Complaint asserts claims for:  (1) breach of contract;  (2) breach of the implied covenant of good faith and fair dealing;  (3) promissory estoppel;  (4) declaratory judgment;  and (5) unfair and deceptive trade practices – against Fay Servicing, LLC, Ocwen Mortgage Servicing, Inc., and/or Christiana Trust ("Defendants"). (Document No. 1-1). Plaintiffs allege that Defendants have failed to honor obligations under the Department of Justice Loan Modification Agreement and/or Trial Period Plan Agreements. (Document No. 1-1, p.1).

Defendant Ocwen Mortgage Servicing, Inc. ("Ocwen") filed a "Petition For Removal" (Document No. 1) with this Court on March 23, 2016.  Plaintiffs filed a "Motion For Remand" (Document 7) on April 25, 2016.  The Court denied the "Motion For Remand" on August 9, 2016, finding no support for Plaintiffs' argument, and noting that Plaintiffs had failed to consult with Defendants prior to filing the motion and had failed to file a reply brief.  (Document No. 14).

On July 6, 2016, the Court issued a "Pretrial Order And Case Management Plan" (Document No. 12) including, *inter alia*, the following deadlines:  discovery completion – January 2, 2017;  mediation report – January 15, 2017;  dispositive motions – February 1, 2017;  and ready for trial date – August 21, 2017.

Defendant "Ocwen Mortgage Servicing, Inc.'s Motion To Compel" (Document No. 16) and "Memorandum Of Law In Support…" (Document No. 17) were filed on October 26, 2016.  Plaintiff has failed to file a response, and the time to do so has lapsed.  See Local Rule 7.1 (E).  As such, the pending motion to compel is ripe for review and disposition.

**STANDARD OF REVIEW**

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1).  The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979);  and Hickman v. Taylor, 329 U.S. 495, 507

(1947).  However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense."  Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion.  See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion);  Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel);  and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).  A party's failure to provide or permit discovery may result in sanctions including the following:  reasonable expenses caused by the failure;  default judgment against the disobedient party;  or treating as contempt of court the failure to obey any order.  See Fed.R.Civ.P. 37(a) - (d).

## DISCUSSION

By the pending motion, Defendant Ocwen asserts that it served its "…First Set Of Interrogatories & Requests For Production Of Documents" (Document No. 16-1) ("discovery requests") on Plaintiffs on August 31, 2016.  (Document No. 16).  Ocwen contends that responses were due by September 30, 2016, and that Plaintiffs have failed to provide *any* responses to the discovery requests or any response to Ocwen's attempts to schedule depositions at mutually convenient times and places.  (Document Nos. 16 and 17).  Defendant Ocwen states that: "Plaintiffs have utterly failed to respond to discovery, much less to provide a particularized showing as to why the discovery sought by Ocwen should be denied."  (Document No. 17, p.2).

Plaintiffs' response to the pending motion was due by November 14, 2016;  however, as noted above, Plaintiffs have failed to file any response.

The undersigned's staff contacted counsel for both parties by email on November 16, 2016, as a courtesy to determine whether the parties had resolved this discovery dispute and failed to inform the Court. Defendant Ocwen's counsel reported to the Court that the issue had not been resolved, and that Ocwen had still not received any communication from Plaintiffs' counsel about the discovery requests or the pending motion. Plaintiffs' counsel responded that he would be in touch with all parties soon, but there is no indication to date that there has been any further communication or resolution between the parties regarding this matter.

Ocwen's discovery requests appear to be relevant and proportional. See (Document No. 16-1). Without any evidence of objection, or even response, from Plaintiffs, the undersigned finds good cause to grant the pending motion, and to award Ocwen its expenses incurred in pursuing this relief. See Fed.R.Civ.P. 37(a)(5)(A).

Plaintiffs are respectfully advised that failure to abide by this Order or the Rules of this Court, and/or Plaintiffs' continued dilatory conduct, may lead to additional sanctions including dismissal of this lawsuit.

**CONCLUSION**

**IT IS, THEREFORE, ORDERED** that "Ocwen Mortgage Servicing, Inc.'s Motion To Compel" (Document No. 16) is **GRANTED**. Plaintiffs shall provide full responses to Defendant Ocwen's discovery requests, as well as dates for depositions, on or before **December 9, 2016**.

**IT IS FURTHER ORDERED** that Plaintiffs shall reimburse Defendant Ocwen Mortgage Servicing, Inc. for its reasonable expenses incurred in preparing and filing Document Nos. 16 and 17 in this case. The parties shall attempt to resolve the issue of payment without further Court intervention; if such attempts fail, Defendant Ocwen may file an appropriate motion to recover its expenses.

**IT IS FURTHER ORDERED** that the parties shall file a Notice identifying their chosen mediator and mediation date, on or before **December 15, 2016**.

**SO ORDERED**.

Signed: November 28, 2016

David C. Keesler
United States Magistrate Judge