UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-143-MOC-DCK

**MICHAEL L. SEALY & SHELLY N. SEALY,**　　)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiffs,　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　)
Vs.　　　　　　　　　　　　　　　　　　　　　　　　　　　　) 　　　ORDER
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　)
**FAY SERVICING, LLC; ET AL.,**　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　　　　　　　　　　)

**THIS MATTER** is before the court on defendants' Motions for Summary Judgment (#26 and #30). The deadline for plaintiffs to respond has passed with no response and the matter is ripe for review. Plaintiffs are represented by counsel. Having considered defendants' motion and reviewed the pleadings, the court enters the following Order.

**I.　　Background**

This case centers on a purported loan modification agreement. In April 2008, plaintiffs obtained a mortgage loan from Countrywide or its affiliate entity for their personal residence at 3901 Blythe Road, Waxhaw, North Carolina. Years later, plaintiffs contacted the loss mitigation department at defendant Ocwen Loan Servicing and made a written request for a loan modification. On July 2, 2012, Ocwen approved the loan modification, subject to certain terms and conditions. On November 2012, after making Trial Period Plan ("TPP") payments in a timely fashion, Ocwen approved the loan modification for the plaintiffs. (#1-1) at 7-8.

Plaintiffs then contend that, despite complying with all the requisite terms and conditions and making every necessary payment, defendant Ocwen (and later, defendants Fay Servicing and

-1-

Christiana Trust) failed to make the loan modification permanent and attempted to void it, in order to proceed with a foreclosure. (#1-1) at 11-12. Plaintiffs allege that in doing so, defendants are liable under theories of breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, and unfair and deceptive trade practices. Plaintiffs also claim a declaratory judgment should be made to enforce the modification. (#1-1) at 10-16.

Defendants contend that they did not fail to make the loan modification permanent, but rather plaintiffs failed to do so by neglecting to accept the offer of permanent loan modification and failing to make the necessary payments at the proper time. (#27) at 1-2; (#31) at 1. In doing so, defendants contend there never was a contract to begin with, and plaintiffs' arguments are thus null and void.

**II.     Standard of Review**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id. The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). Once this initial burden is met, the burden shifts to the nonmoving party. That party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3.

The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Instead, that party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert Cnty., Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 252.

### III. Discussion

Plaintiffs make arguments on five grounds: breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, declaratory judgment, and unfair and deceptive trade practices. The court shall address each ground *seriatim*.

*a. Breach of contract*

First, plaintiffs assert that defendants breached their contract with plaintiffs by failing to honor the terms of the purported permanent loan agreement. For a breach of contract claim to succeed, there must be both the existence of a valid contract and a breach of the terms of that contract. Branch v. High Rock Lake Realty, Inc., 151 N.C. App. 244, 250 (2002); Jackson v. California Hardwood Co., 120 N.C. App. 870, 871 (1995). Here, it is undisputed that plaintiffs

requested a permanent loan modification and successfully met all requirements in the months that followed. Plaintiffs then allege that defendants repeatedly failed to provide the necessary final paperwork, which has ultimately led to plaintiffs' filing suit. However, defendants have offered evidence that plaintiffs failed to agree to the permanent loan modification offer after defendants sent the proper paperwork. Specifically, the record contains multiple phone calls where plaintiffs stated they received the final paperwork but had not yet accepted it. See Exhibit A, Lucas Affidavit, ¶ 18; Exhibit A-6, Transcript of Dec. 20, 2012 Call, pp. 2:13-21; Exhibit A-7, Transcript of Feb. 1, 2013 Call, pp. 2:11-14. Then, in one phone call, plaintiff Michael Sealy appeared to refuse the offered final modification agreement, saying that plaintiffs would be "unable to start the payments at the timeline that they set" and that "I can't afford the mod for another 60 days." Id. Essentially, plaintiffs received a final offer from defendants but refused it, failing to return the agreement and failing to make payments in accordance with the agreement. Plaintiffs have offered nothing that contradicts this persuasive evidence, and the court must find that the final loan modification agreement was not binding between the plaintiffs and any defendant. Plaintiffs' breach of contract claim thus fails.

    *b. Breach of implied covenant of good faith and fair dealing*

Next, plaintiffs assert that defendants breached the implied covenant of good faith and fair dealing. When a contract exists, there is an "implied covenant of good faith and fair dealing that neither party will do anything which injures the right of the other to receive the benefits of the agreement." Bicycle Transit Auth. V. Bell, 314 N.C. 219, 228 (1985) (citation omitted). Further, if a party does not breach a contract, it is impossible to conclude that the party somehow did breach implied terms of the same contract. See Suntrust Bank v. Bryant/Sutphin Props., LLC,

222 N.C. App. 821. For the aforementioned reasons, it is undisputed that a contract did not exist between plaintiffs and defendants due to plaintiffs' failure to accept defendants' offer. Thus, there was no breach of the implied covenant of good faith and fair dealing, and this count of plaintiffs' claim likewise fails.

   *c. Promissory estoppel*

In the alternative to their breach of contract and implied covenant claims, plaintiffs allege promissory estoppel as a theory of recovery. Under North Carolina law, promissory estoppel is at best a questionable basis for such a claim. See Dealers Supply Co. v. Cheil Indus., 348 F.Supp. 2d 579 (M.D.N.C. 2004) (court found that North Carolina has rejected the affirmative use of promissory estoppel); Home Elec. Co. v. Hall & Underdown Heating & Air Conditioning Co., 86 N.C. App. 540 (1987) (court held that North Carolina case law recognizes promissory estoppel to a limited extent, but does not approve it for affirmative relief). That said, even if promissory estoppel was widely recognized as a basis for affirmative relief, there is not a dispute of material fact between the parties. As laid out above, plaintiffs failed to either sign and return the final loan agreement or execute it by making the necessary payments. There is no evidence in the record to support the idea that defendants made a promise that plaintiffs relied upon to their detriment. Consequently, plaintiffs' promissory estoppel claim is meritless.

   *d. Declaratory judgment*

Plaintiffs next move for a declaratory judgment, requesting that the court declare the final loan modification agreement to be a binding modification by the parties. Once again, there is no evidence that the loan modification agreement was ever final. For the same reasons laid out

above, it is undisputed that plaintiffs failed to execute and return the proposed loan modification agreement, and the court declines to make a declaratory judgment over an incomplete contract.

    *e. Unfair and deceptive trade practices*

Finally, plaintiffs allege that the defendants perpetrated unfair and deceptive trade practices for which plaintiffs are entitled to relief. The elements of such a claim under N.C. Gen. Stat. § 75-1.1 are: "(1) an unfair or deceptive act or practice, (2) in or affecting commerce, which (3) proximately caused actual injury to the claimant." Boyce & Isley, PLLC v. Cooper, 153 N.C. App. 25, 35 (2002). "A practice is unfair when it offense established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." Marshall v. Miller, 302 N.C. 539, 548 (1981). A practice is deceptive if it "possesse[s] the tendency or capacity to mislead, or create[s] the likelihood of deception." Overstreet v. Brookland, Inc., 52 N.C. App. 444, 453 (1981). Whether a particular act constitutes an unfair or deceptive trade practice is a question of law for the court to decide. McInerney v. Pinehurst Area Realty, Inc., 162 N.C. App. 285, 289 (2004).

Here, it is unclear what plaintiffs are alleging as unfair and deceptive trade practices. In their complaint, they state only that all of defendants' conduct was in or affecting commerce and constitutes unfair or deceptive trade practice, and allege damages thereby. (#1-1) at 15. Plaintiffs have offered no factual basis on which the court could find a dispute exists, and the court cannot find in the record any such conduct by defendants which would potentially constitute a deceptive or unfair trade practice. As a result, the court holds that plaintiffs' claim of deceptive or unfair trade practices fails.

For the foregoing reasons, the court finds there is no dispute of material fact present on any of the five counts alleged by plaintiffs against any of the defendants. As a result, the court finds for the defendants on each count as a matter of well-settled law and will grant summary judgment in their favor.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants' Motions for Summary Judgment (#26 and #30) is **GRANTED** and this case is **DISMISSED with prejudice**.

Signed: October 16, 2017

Max O. Cogburn Jr.
United States District Judge